UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| YVONNE C. NELSON, | Case No. 3:16-cv-01464-JR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

RUSSO, Magistrate Judge:

Plaintiff Yvonne C. Nelson seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"). All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). See (doc. 12). For the reasons set forth below, the Commissioner's decision is AFFIRMED and this case is DISMISSED.

## BACKGROUND

Born in December 1947, plaintiff applied for DIB in October 2010, alleging disability beginning January 1, 2002, with a date last insured of December 31, 2007. Tr. 53.[1] She completed high school, some college, and has past relevant work as a service order dispatcher. Tr. 38, 104, 805. Plaintiff alleged disability based upon: "[chronic obstructive pulmonary disease], congestive heart failure, diabetes, arthritis, chronic sinusitis, [high blood pressure], thyroid, gout, edema, chronic back pain, bleeding ulcer, and depression." Tr. 53, 171. Her application was denied initially and upon reconsideration. Tr. 52–75. On October 31, 2012, the Administrative Law Judge ("ALJ") issued a decision finding plaintiff not disabled, which the Appeals Council declined to review, making the ALJ's decision the final decision of the Commissioner. Tr. 1–6, 877–86. Plaintiff sought judicial review in this Court. Tr. 843–65; see also Nelson v. Colvin, No. 3:14-cv-00914-HZ, 2015 WL 3606386 (D. Or. June 4, 2015) ("Nelson I"). Upon review, Judge Hernandez reversed and remanded the case finding the ALJ's evaluation of plaintiff's subjective symptom testimony was not supported by substantial evidence, although he otherwise affirmed the ALJ's decision. Tr. 852–64; Nelson I, at *3–10. On March 1, 2016, the ALJ held a second administrative hearing, and on March 21, 2016, he again issued a decision finding plaintiff not disabled. Tr. 795–806, 813–42. Plaintiff sought review in this Court.

## DISABILITY ANALYSIS

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must

---

[1] The record before the Court constitutes nearly 1,000 pages, with some duplicative documents. Where evidence occurs in the record more than once, the Court will generally cite to the transcript pages on which that information first appears.

Page 2 – OPINION AND ORDER

demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner established a five step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. First, the Commissioner determines whether the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140; 20 C.F.R. § 404.1520(b). If so, she is not disabled.

At step two, the Commissioner evaluates whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140–41; 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment, she is not disabled.

At step three, the Commissioner determines whether the claimant's impairments, either individually or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 140–41; 20 C.F.R. § 404.1520(d). If so, she is presumptively disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. § 404.1520(f). If the claimant can perform past relevant work, she is not disabled; if she cannot, the burden shifts to the Commissioner.

At step five, the Commissioner must establish the claimant can perform other work existing in significant numbers in the national or local economy. Yuckert, 482 U.S. at 141–42; 20 C.F.R. § 404.1520(g). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1566.

# THE ALJ'S FINDINGS

The ALJ performed the sequential analysis, as noted above. At step one, the ALJ found plaintiff had not engaged in substantial gainful activity from her alleged onset date through her date last insured. Tr. 797. At step two, the ALJ determined the following impairments were medically determinable and severe: "osteoarthritis, coronary artery disease, hypertension, ischemic heart disease, duodenal ulcer, hypothyroidism, obesity, diabetes mellitus, and chronic back pain." Id. At step three, the ALJ determined plaintiff's impairments, neither individually nor in combination, met or equaled the requirements of a listed impairment. Tr. 800.

Because he did not establish presumptive disability at step three, the ALJ continued to evaluate how plaintiff's impairments affected her ability to work. The ALJ resolved plaintiff had the residual functional capacity ("RFC") to perform modified sedentary work with the following limitations:

> [Plaintiff] must avoid concentrated exposure to heat, cold, wet environments, and concentrated exposure to noxious fumes and odors. She should not have fingered and handled more than frequently.

Tr. 801.

At step four, considering the limitations noted above, the ALJ determined, through the date last insured, plaintiff could perform past relevant work as a service order dispatcher. Tr. 805. Because he found plaintiff able to return to past work, the ALJ did not reach step five. Id. Accordingly, the ALJ found plaintiff not disabled through the date last insured within the meaning of the Act. Id.

///

///

## STANDARD OF REVIEW

A district court must affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal citation omitted). In reviewing the Commissioner's alleged errors, a court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

When the evidence before the ALJ is subject to more than one rational interpretation, a court must defer to the ALJ's conclusion. Batson, 359 F.3d at 1198 (internal citation omitted). The reviewing court, however, cannot affirm the Commissioner's decision on grounds the agency did not invoke in making its decision. Stout v. Comm'r, 454 F.3d 1050, 1054 (9th Cir. 2006). Finally, the court may not reverse an ALJ's decision on account of an error that is harmless. Id. at 1055–56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Shinseki v. Sanders, 556 U.S. 396, 409 (2009).

## DISCUSSION

Plaintiff argues the ALJ erred: (1) by erroneously discounting her subjective symptom testimony; and (2) by failing to call a medical advisor to give testimony at the hearing, as required by Social Security Ruling ("SSR") 83-20. SSR 83-20, available at 1983 WL 31249.

///

## I. Subjective Symptom Testimony

Plaintiff contends the ALJ erred by not fully crediting her subjective symptom testimony. Pl.'s Op. Br. at 8–10 (doc. 17); Pl.'s Rep. Br. at 2–5 (doc. 22). When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996) (internal citation omitted). A general assertion the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible."[2] Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). If the ALJ's finding regarding the claimant's subjective symptom testimony is "supported by substantial evidence in the record, [the court]

---

[2] The Court notes, pursuant to SSR 16-3p, the ALJ is no longer tasked with making an overarching credibility determination and instead assesses whether the claimant's subjective symptom statements are consistent with the record as a whole. SSR 16-3p, available at 2017 WL 5180304 (superseding SSR 96-7p, available at 1996 WL 374186). Although there was some disagreement among courts as to the retroactive effect of SSR 16-3p, compare Ashlock v. Colvin, 2016 WL 3438490, *5 n.1 (W.D. Wash. June 22, 2016) (declining to apply SSR 16-3p to an ALJ decision issued prior to the effective date), with Lockwood v. Colvin, 2016 WL 2622325, *3 n.l (N.D. Ill. May 9, 2016) (applying SSR 16-3p retroactively to a 2013 ALJ decision), the Social Security Administration recently republished SSR 16-3p explaining the regulation was not intended to apply to ALJ decisions issued prior to March 28, 2016, SSR 16-3p at *13 n.27 ("When a Federal court reviews our final decision in a claim, we expect the court will review the final decision using the rules that were in effect at the time we issued the decision under review."). Here, the ALJ issued his decision *before* SSR 16-3p became "effective."

may not engage in second-guessing." Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (internal citation omitted).

The Commissioner argues the ALJ permissibly discounted plaintiff's subjective symptom testimony because: (A) the record contains inconsistent statements; (B) plaintiff's allegations were inconsistent with the objective findings; and (C) her treatment was conservative and she responded favorably to medication.[3] Def.'s Br. at 7–11 (doc. 18). For the reasons explained in Section A below, the inconsistent statements the Commissioner relies on are *post hoc* rationalizations not articulated by the ALJ, upon which this Court may not affirm. See Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ – not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."). The rationales supplied by the ALJ, discussed below in Sections B and C, however, provide clear and convincing reasons to discount plaintiff's subjective symptom testimony. See id. at 1227 (upholding credibility determination where the ALJ found that claimant's "statements at her hearing did not comport with objective evidence in her medical record").

### A. Inconsistent Statements

Although the Commissioner contends the ALJ identified inconsistencies in plaintiff's testimony as a rationale for discounting her testimony, a review of the ALJ's decision fails to support such a contention. Indeed, the sections of the ALJ's decision that the Commissioner relies on are separate from the ALJ's credibility analysis. Compare Tr. 801 (discussing the

---

[3] The ALJ also discounted plaintiff's testimony based upon her activities of daily living. Tr. 802–03. The Commissioner, however, does not rely on this rationale in her briefing. See Def.'s Br. at 7 n.3 (doc. 18).

contents of plaintiff's testimony at her October 2012 administrative hearing) with Tr. 802 ("for the reasons explained *below*, the [plaintiff's] allegations have limited credibility") (emphasis added) and Tr. 802 (ALJ's credibility rationales for discounting plaintiff's symptom allegations); Lehigh v. Comm'r, Soc. Sec. Admin., No. 6:16-cv-00902-JR, 2017 WL 4324545, at *6 (D. Or. Sept. 5, 2017), report and recommendation adopted, No. 6:16-cv-00902-JR, 2017 WL 4322819 (D. Or. Sept. 25, 2017) ("[I]t is unclear this portion of the ALJ's decision is in fact part of the evaluation of plaintiff's symptom testimony as it occurs before the ALJ's boilerplate language addressing plaintiff's symptom testimony.") (citing Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1103(9th Cir. 2014)).

Nevertheless, even if the Court were to consider these *post hoc* rationalizations on the merits, the arguments fail. The Commissioner asserts that plaintiff's testimony regarding "'making mistakes in her dispatch work' when she retired" conflicted with the ALJ's observation "there was 'no evidence that her performance reached an unsatisfactory level'" and therefore was a legitimate rationale to discount her testimony. Def.'s Br. at 7–8 (citing Tr. 802). As discussed, a court may not affirm based on reasoning not articulated by the ALJ; however, the rationale is unsupported by the record because plaintiff's non-contradicted testimony about her poor work performance is substantial evidence. At the 2015 hearing, plaintiff testified that due to pain medication her "mind was pretty much fogged up," she was making mistakes "every day," and as a result her supervisor frequently sent her home "two or three times a week." Tr. 831–32. An independent review of the medical record confirms plaintiff was prescribed pain medication during work hours. See, e.g., Tr. 243 ("Note is made that she continues to have spasms and pain

in her back for which she has been using Percocet, usually only on workdays[.]"). Therefore, the Commissioner's argument lacks merit.

According to the Commissioner, plaintiff's testimony at the first hearing "that she retired for physical reasons and also to care for her ill father" conflicted with her testimony at the second hearing "that she retired directly after her father died." Def.'s Br. at 7 (citing Tr. 39, 42, 801–02, 826). When read in context, however, the transcripts from both administrative hearings fail to reveal a meaningful inconsistency.

At the 2012 hearing, the ALJ inquired as to the cause of plaintiff's retirement: "[O]ne of the things that caused you to retire . . . it looks like you . . . were taking time off looking after your dad. Is that right?" Tr. 39. Plaintiff responded: "Partially, yes." Her testimony, however, went on to describe an injury that also contributed to her retirement. Tr. 40–42. At the 2015 hearing, in response to a question from the ALJ about the exact timing of her retirement, plaintiff testified: "I know [my retirement] was right after my dad committed suicide and I could not go on any longer." Tr. 826. The Commissioner's attempt to highlight a conflict fails because the ALJ did not articulate such a conflict in his assessment of plaintiff's symptom testimony. See Bray, 554 F.3d at 1225. Moreover, the fact plaintiff took time off to care for her father before deciding to retire permanently is not unequivocally inconsistent with her assertion that her retirement formally began after her father's death, as she stated three years later. Finally, assuming *arguendo* the testimony was inconsistent, a "single discrepancy fails . . . to justify the wholesale dismissal of a claimant's testimony." Popa v. Berryhill, 872 F.3d 901 (9th Cir. 2017) (as amended) (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883-84 (9th Cir. 2006)). Accordingly, the rationale fails to meet the clear and convincing legal standard.

Finally, without directing the Court to any legal basis for such an assertion, the Commissioner appears to rely on the ALJ's finding "that the [plaintiff's] truthfulness [was] not a concern as much as a possibly faulty memory caused by the passage of time . . . ." Tr. 802. However, the Court is unaware of any factual basis to support such an assertion. The Commissioner's argument is unavailing; taken to its logical conclusion, if a claimant's testimony about past symptoms could be discounted due to the general fallibility of memory, holding a hearing would serve little purpose. See Dumas v. Comm'r, Soc. Sec. Admin., No. 6:16-cv-01097-PK, at *30–31 (D. Or. Sept. 9, 2017), report and recommendation adopted, No. 6:16-cv-01097-PK, (D. Or. Nov. 20, 2017). This contention lacks merit.

### B. Objective Findings

The Commissioner argues the ALJ's determination that "the medical evidence and treatment record did not support [plaintiff's] claim that her impairments were at a disabling level prior to the date last insured" provided a valid rationale to discount her subjective symptom testimony. Def.'s Br. at 8–11. Although an ALJ may not rely solely on a lack of corroboration from the objective medical evidence when failing to fully credit a claimant's allegations, inconsistency between those allegations and the objective medical evidence is a permissible factor for an ALJ to consider. See, e.g., Bray, 554 F.3d at 1227; Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.") (citing 20 C.F.R. § 404.1529(c)(2)).

Here, the ALJ recounted evidence showing the alleged severity of plaintiff's impairments was not supported by the objective medical evidence. For example – as Judge Hernandez previously found in affirming the ALJ's weighing of the medical evidence – despite plaintiff's allegations of disabling pain, treatment records from 2003 to 2007 "consistently showed that [plaintiff] was 'doing well' or 'generally doing good.'" Tr. 861; Nelson I, 2015 WL 3606386, at *8; see also Tr. 680–91, 696, 699–702, 705. Plaintiff responds that although the ALJ relied upon medical reports of plaintiff "doing 'good,' generally doing well,' [and] 'generally doing good' . . . it is legal error to reject claimant testimony because she has experienced relative periods of 'doing better' in a long-term illness that is fluctuating and overall intractable." Pl.'s Rep. Br. at 4 (citing Garrison v. Colvin, 759 F.3d 995, 1017 (9th Cir. 2014)). Plaintiff further directs the Court to treatment notes of Carmelindo Siqueira, M.D., and argues those reports "show[] significant debility had taken hold at some point between two years before and eight months after" plaintiff's date last insured. Id. at 4–5. This argument is unpersuasive for at least three reasons.

First, the Court notes plaintiff does not specifically challenge the ALJ's weighing of the medical evidence. Indeed, as discussed above, Judge Hernandez previously affirmed the ALJ's weighing of the medical evidence. Tr. 804, 859–62; Nelson I, 2015 WL 3606386, at *7–9. Second, although plaintiff offers her own interpretation of the medical evidence, an ALJ may discount a claimant's symptom testimony based upon a lack of corroboration with objective medical evidence. See Bray, 554 F.3d at 1227; see also Batson, 359 F.3d at 1196 (affirming adverse credibility determination based in part on lack of objective medical evidence). Finally, the Court declines to read the Ninth Circuit's holding in Garrison with the breadth plaintiff requests. The Garrison Court's instruction cautioning against making inferences based on

"reports of improvement" was made in the context of mental health precisely because, in that context, "[c]ycles of improvement and debilitating symptoms are a common occurrence." Garrison, 759 F.3d at 1017–18. Here, by contrast, there is no indication plaintiff has an impairment which is characterized by cyclical symptomology. Although plaintiff offers an alternative interpretation of the medical evidence, the ALJ's interpretation is rational and, therefore, must be upheld. Burch, 400 F.3d at 679.[4]

### C. Conservative Treatment and Medication

The ALJ also provided two additional clear and convincing rationales for discounting plaintiff's testimony: conservative treatment and an effective response to medication. See Tommasetti v. Astrue, 533 F.3d 1035, 1039–40 (9th Cir. 2008) (upholding adverse credibility determination based upon favorable response to conservative treatment including the effective use of medication). Plaintiff concedes "that pre-[date last insured] her care was conservative"; however, she argues the ALJ "overlooked the turn for the worse [plaintiff] experienced near her [date last insured]," and that she "had stopped responding to conservative measures." Pl.'s Op. Br. at 10; Pl.'s Rep. Br. at 5. Plaintiff again proffers her own interpretation of the medical evidence. The ALJ's decision, however, identified medical reports of effective pain control with medication, which was a rational interpretation of the record. See, e.g., Tr. 803 (citing Tr. 234 ("She is infrequently using Percocet for her back pain . . . .")); see also Batson, 359 F.3d at 1193

---

[4] Plaintiff's reliance on Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cr. 2004), asserting her condition "eldude[d] objective corroboration" is similarly misplaced. Pl.'s Op. Br. at 9. As the Commissioner correctly notes, Benecke dealt with a claimant suffering from fibromyalgia – a condition diagnosed solely on subjective reports. Whereas here, the ALJ found plaintiff had multiple impairments at step two, for which there are objective measurements such as blood tests and imaging scans, in contrast to fibromyalgia. See Benecke, 379 F.3d at 594 ("The ALJ erred by effectively requiring 'objective' evidence for a disease that eludes such measurement.") (bracketing and quotation marks omitted).

(holding that variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and a court may not substitute its judgment for that of the Commissioner).[5]

In sum, because the ALJ provided permissibly clear and convincing rationales to discount plaintiff's symptom testimony, the overall credibility decision is supported by substantial evidence and is upheld. See Batson, 359 F.3d at 1197; see also Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008) (explaining that an error in one reason for discounting credibility is harmless where an ALJ's "remaining reasoning and ultimate credibility determination were adequately supported by substantial evidence in the record").

## II. Development of the Record

Plaintiff contends the ALJ failed to meet "his burden to assist [plaintiff] in developing a proper record." Pl.'s Op. Br. at 11–13. Based on her interpretation of the medical evidence of record, plaintiff argues the ALJ was required to "assist [plaintiff] in creating a record as to when [her] impairments became disabling[.]" Id. (citing SSR 83-20; Armstrong v. Commissioner of Social Sec. Admin., 160 F.3d 587, 590 (9th Cir. 1998)).[6]

---

[5] Plaintiff's reliance on Carlson v. Astrue, 682 F. Supp. 2d 1156 (D. Or. 2010), also fails. There, the ALJ erred because she "first found Carlson's testimony 'not credible to the extent' his statements 'are inconsistent with the' RFC[.]" Id. at 1167. Whereas here, although the ALJ noted that plaintiff's "daily activities [were] inconsistent with the above [RFC] and inconsistent with the disabling levels of pain symptoms alleged," the ALJ did not solely rely on that RFC assessment in discounting plaintiff's credibility; rather, the ALJ's decision discounted plaintiff's credibility based, in part, upon conflicts with the medical evidence and conservative treatment. Tr. 802; cf. Jones v. Astrue, No. 3:10-cv-00722-ST, 2012 WL 639735, at *8 (D. Or. Jan. 23, 2012) ("[T]he ALJ was not communicating any reliance upon her own RFC assessment to find [claimant] not credible."), report and recommendation adopted, No. 3:10-cv-722-ST, 2012 WL 639121 (D. Or. Feb. 22, 2012).

[6] As noted above, plaintiff does not explicitly challenge the ALJ's weighing of the medical evidence; nor does she direct the Court to the appropriate legal standard for such a

As she did in her previous appeal to Judge Hernandez, plaintiff essentially argues that SSR 83-20 required the ALJ to "call a medical advisor to make an informed inference" to determine when plaintiff's impairments reached a disabling level. Pl.'s Op. Br. at 6. The Commissioner responds that the ALJ was not required to call a medical advisor because the "ALJ reasonably determined [plaintiff] did not have disabling limitations through the [relevant period]." Def.'s Br. at 12.

The Commissioner is correct. As Judge Hernandez previously held, "because the ALJ found that [plaintiff] was not disabled at any time through the date last insured, the question of *when* she became disabled did not arise and the procedures described in SSR 83-20 did not apply." Tr. 854; Nelson I, 2015 WL 3606386, at *9 (citing Sam v. Astrue, 550 F.3d 808, 810 (9th Cir. 2008)) (emphasis in original); see also Robinson v. Colvin, No. 3:13-cv-00332-AC, 2014 WL 3778572, at *9 (D. Or. July 29, 2014) (noting because the ALJ "did not find plaintiff was under disability at any time . . . the ALJ's conclusion did not raise a question of onset date," and SSR 83-20, therefore, did not apply).

Additionally, plaintiff's citations to Armstrong, 160 F.3d at 587, and Morgan v. Sullivan, 945 F.2d 1079 (9th Cir. 1991) (per curiam), are unavailing. The ALJs in both of those cases awarded Social Security Income ("SSI") benefits, but denied the claimants' DIB applications. In other words, those cases involved an explicit finding by an ALJ that the claimants were, in fact,

---

challenge. See, e.g., Garrison, 759 F.3d at 1012 (explaining the proper legal standards for judicial review of an ALJ's evaluation of medical evidence). Indeed, Judge Hernandez upheld the ALJ's weighing of the medical evidence in her prior appeal. See Tr. 862; Nelson I, 2015 WL 3606386, at *9 ("Because the ALJ's decision to assign little weight to Dr. Azhar's opinion is supported by substantial evidence, including 'a detailed and thorough summary of the facts and conflicting clinical evidence,' the Court affirms the ALJ's findings."). This Court similarly finds no error with ALJ's weighing of the medical evidence.

disabled. Here, by contrast, the ALJ never found plaintiff disabled. Tr. 805 ("The [plaintiff] was not under a disability [at any time from the alleged onset date through] the date last insured."). Thus, SSR 83-20 was not applicable. See Sam, 550 F.3d at 810 (explaining SSR 83-20 does not apply where an ALJ finds a claimant not disabled).

Finally, the court declines plaintiff's invitation to re-weigh the medical evidence. "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Garrison, 759 F.3d at 1009 (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). The ALJ's decision not to call a medical expert at the hearing is affirmed. See Hendrick v. Barnhart, 188 F.App'x 606, 608 (9th Cir. 2006) ("In light of the ALJ's conclusion that the evidence, from both before and after the [date last insured], failed to prove that Claimant ever suffered from anything more than 'non-severe' disorders, no medical advisor was required to help infer the onset date of the purported disability pursuant to Social Security Ruling 83-20.")[7]

///

///

///

///

///

---

[7] In her Reply Brief plaintiff directs the court to Judge Hernandez's "paradoxical" decision to hold the ALJ was not required to call a medical advisor as contemplated by SSR 83-20, and simultaneously remand the case to the Commissioner for a reevaluation of plaintiff's subjective symptom testimony. First, Social Security Appeals regularly affirm and reverse on a myriad of issues in the same case. Second, Judge Hernandez affirmed the ALJ's determination that a medical expert was not required, affirmed steps two and three analyses, and affirmed the weighing of the medical evidence. Judge Hernandez remanded the case to the agency solely to reassess plaintiff's credibility.

## CONCLUSION

For the reasons set forth above, the decision of the Commissioner is AFFIRMED and this case is DISMISSED.

IT SO ORDERED.

DATED this 1st day of February 2018.

                                               s/Jolie A. Russo
                                               JOLIE A. RUSSO
                                               United States Magistrate Judge